NIDO & COMPANY, PLAINTIFFS AND APPELLANTS, *v.* ALBIR ALICEA, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in Injunction Proceedings.

No. 1851.—Decided January 27, 1919.

INJUNCTION—RIGHT OF WAY—IMMEMORIAL USE—PRESCRIPTION.—In this case the plaintiffs, as lessees of a certain rural property, brought proceedings to enjoin the owner of the adjoining tenement from passing over the said property. The defendant answered and the district court dismissed the petition on the ground that the road in dispute is a servitude imposed on the tenement leased by the plaintiffs in favor of the defendant as the owner of the dominant tenement. On appeal from that judgment it was held that this case being governed by the laws in force in Porto Rico prior to the enactment of the Civil Code, defendant was entitled to plead the use of the road from time immemorial to establish his right of way and to prove, as he did, such use by the testimony of witnesses, one of whom is between sixty-five and sixty-seven and the other between seventy-six and seventy-seven years of age, and whose testimony covered a period of much more than forty years.

The facts are stated in the opinion.

*Mr. Francisco González* for the appellants.

*Messrs. Juan B. Huyke* and *J. López del Valle* for the appellee.

Mr. Justice del Toro delivered the opinion of the court.

Nido & Company, an agricultural and industrial copartnership, instituted injunction proceedings in the District Court of Humacao against Albir Alicea, alleging that they were the lessees of a certain described rural property; that without their consent and without any title or right the defendant had repeatedly broken down the fence and passed through the property, and that he persisted in continuing to do so. The defendant alleged in his answer that he was the owner of a certain property adjoining the property leased by the plaintiffs and that it was true that he passed through the property leased by the plaintiff over a road which he had always used and which had existed since time immemorial. The court heard the cause and decided against Nido & Company on the ground that "the road in question is a servitude imposed on the servient tenement eased by the plaintiffs and that in closing the said road they encroached upon the defendant's right as owner of the dominant tenement."

The plaintiffs appealed and maintain in their brief that the district court erred in holding that there existed a servitude of right of way.

We have examined carefully the evidence and in our opinion it sustains the judgment. The appellants admit that this case is governed by the laws in force prior to the adoption of the Civil Code, and according to those laws it is very clear that the defendant could plead immemorial use of the road in order to prove his right of way. The concluding part of Law XV, Title XXXI, *Partida 3*, reads:

"*Mas las otras servidumbres, de que se ayudan los homes, para aprovechar et labrar sus heredades et sus edificios, que no usan dellas cada día, mas a las veces et con fecho, así como senda o carrera o vía que hobiese en heredat de su vecino o en agua que veniese una vez en la semana, o en el mes o en el año et non cada día, tales servidumbres como estas et las otras semejantes dellas non se podrien ganar por el tiempo sobredicho; ante decimos que qui las quisiere haber por esta razón, que ha meenester que hayan usado dellas ellos*

*o aquellos de quien las hobieron tanto tiempo que non se puedan acordar los homes quanto ha que lo comenzaron a usar.''*

The plaintiffs are the lessees of the property over which the path or road passes. The real owners of the said property are not parties to the action. At the trial a manager and an employee of a former owner testified to the existence of the road. Furthermore, they said that they intended to close the road and so proposed to the owner, but he objected on the ground that he was not inclined to violate acquired rights. The defendant testified '' * * * that he had been using the said road since he was a child; that he is sixty-five or sixty-seven years of age; that he was born at that place and lives there on the property left him by his father. and that he has always known that road, always * * * .'' Eduviges Santiago testified '' * * * that he is seventy-six or seventy-seven years of age and has known the road ever since he can remember; that he has always known that road; that he was born there and has always seen the road there * * * .''

The appellants cite the judgment of the Supreme Court of Spain of November 9, 1865, 12 *Jur. Civ.* 265, in which the doctrine was laid down that ''immemorial possession is not sufficiently established by witnesses, the oldest being fifty-five years of age, although they testify that they have so known it as far back as their memory runs.'' But in this case one of the witnesses is from sixty-five to sixty-seven and the other from seventy-six to seventy-seven years of age, and their evidence clearly covers a period of more than forty years. *Cividanes* v. *Amorós Hermanos,* 8 P. R. R. 558. Moreover, the Supreme Court of Spain modified its former doctrine when by its judgment of June 17, 1873, 28 *Jur. Civ.* 196, it held that ''Law XV, Title XXXI, of *Partida* 3 only determines the time necessary for the prescription of continuous or discontinuous servitudes, without referring in any way to the qualifications of the witnesses who may testify at

the trial as to the existence of the servitudes; hence that law cannot be violated by the trial court in giving weight to the testimony of witnesses not qualified by age to testify to facts which by reason of their antiquity cannot have originated within the memory of man.''

The appellants also cite the judgment of the Supreme Court of Spain of December 15, 1882, 50 *Jur. Civ.* 469, which establishes the doctrine that ''although discontinuous easements, such as rights of way, can be acquired by prescription based on use from time immemorial, the use must not have been by force nor by request made to the owner of the servient tenement, but in good faith, in the belief that the user had a right to do so.'' That is sound doctrine, but in this case the evidence does not show that the right of the defendant was based on force or request. Antonio López, the former owner, spoke through his manager, Antonio Noya, who testified that as he found cattle missing from the property from time to time he intended to fence in the entire property and asked Antonio López why he did not close the gates which gave access to the road, ''and he told me that he could not have the gates closed because that was a road over which the adjoining owners had a right to pass.'' Bartolomé Flaquer, who had been employed by López for about two years, testified to the same effect.

It is true that better evidence might have been introduced in this case to show use from time immemorial. Old landmarks, maps, books, recitals of occurrences which took place on the said road or in relation to it, etc., would have furnished proof antedating the memory of the oldest inhabitant of the place; but if oral evidence of itself is sufficient, then the testimony of two witnesses of the ages stated, given in the manner indicated, is all that can be required. And if that evidence is not all that exists, but was accompanied by admissions of one of the oldest owners and rebutted only by the evidence of the lessee of the tenement over which the

road passes, by the testimony of his manager and by the fact that the servitude is not recorded in the registry, the conclusion necessarily follows that the district court was right in dismissing the complaint and imposing the costs upon the plaintiffs.

*Dismissed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.